Honorable judges, good morning. I am John Richard Smith. I represent the petitioner in this matter, Rafael Padilla-Romero. This case asks the court to make a purely legal determination of statutory interpretation as to the temporal scope of Section 240aA cancellation under the Immigration and Nationality Act. Specifically, the court is called upon to determine the meaning of, or who is, quote, an alien who has been an alien lawfully admitted for permanent residence for not less than five years. To start out, I would note that the unpublished non-precedent decision by the immigration judge is not entitled in this case to Chevron deference. As pointed out by the government under Skidmore, it's to be assessed based on its thoroughness, validity of its reasoning, its consistency with other agency decisions, and its power to persuade. I don't believe the immigration judge's decisions has any of those characteristics. Both the immigration judge and the government on appeal support their reading of the statute with a dichotomy that they perceive between Section 240aA, cancellation for permanent residence, and 240aB, cancellation for non-permanent residence. However, that's a false dichotomy, and the Board of Immigration Appeals has already so ruled in a precedent decision, a matter of AM, in which it determined that a permanent resident is eligible for non-permanent resident cancellation and removal under 240aB. To the extent that the Board in that decision stated that one has to be a lawful permanent resident to qualify for 240aA cancellation, that is a dictum that is not entitled to deference by this Court. The issue was not before the Board, and it was not thoroughly reasoned in the Court's decision. Moreover, the underlying holding in matter of AM contradicts that notion, because the overall holding was that the text controls over the captions of these provisions, and there's nothing in the text of either provision that specifically limits one or the other to somebody who is currently a non-permanent resident or who never was a lawful permanent resident. Now let's get down to the facts and describe the facts you've got for us to deal with here. The facts are perhaps the least sympathetic facts upon which this challenge could be brought, unfortunately. My client was brought here when he was two or three years old. In 1983, he became a lawful permanent resident of the United States. He was convicted of a charge involving fraud as a blank employee. He was placed in removal proceedings in 1998, and rather than challenge his removal from detention, he chose to accept a deportation and leave the country. Importantly, he was subject to mandatory detention under the changes in the law made in 1996. And that was his primary motive for not applying for cancellation of removal when he had the opportunity in the first instance. After that time, my client made some very unfortunate decisions to return to the United States on multiple occasions, and he has claimed falsely to be a U.S. citizen for various reasons in the interim. That's kind of fatal ordinarily, to claim you're a U.S. citizen. It would be, but it does not prohibit somebody from applying for cancellation of removal under 240-AA. So he is in a very unusual position in which it's safe to say very few people would ever find themselves ordinarily, as was done in his case four times prior. Upon reentering illegally, he'd be subject to reinstatement of removal. The last time when he was apprehended, he was not placed in reinstatement proceedings, however. He was placed in removal proceedings. And in removal proceedings, he's eligible to apply for benefits like cancellation of removal if he's eligible. And we believe that he is statutorily eligible based on the plain meaning of the language of 240-AA. Paramount concern. In time, you start talking about the present perfect condition. Yes. You kind of lose me on the plain meaning, but go ahead. The present perfect tense of to be, has been, is not ambiguous in and of itself. It could mean either a period of time, a discrete period of time completely in the past, or a period of time in the past and continuing to the present. But those are not mutually exclusive. There's no reason that the language in 240-AA1 couldn't be read, you know, to be satisfied either by accrual of lawful permanent residence completely in the past or accrual of lawful permanent residence up to and including the present. The only thing that really creates the ambiguity here is the caption to the section, which states that it's cancellation for permanent residence. And the distinction that was drawn by the government in matter of AM that was rejected by the board was the captions do not control the plain meaning of the text. The paramount concern in statutory interpretation is interpreting the provisions so that they are consistent with the overall scheme of the statute. And in this case, what we see is Congress's use of the present perfect tense in multiple instances throughout the statute. And in only two situations did they not specifically state what time period is required. Various of the provisions require that somebody has been in a particular state immediately preceding the date of application or immediately preceding the date that the notice to appear was served. Various provisions state specifically or have to be interpreted if they're to make sense, however, that it's a period completely in the past. Like the unlawful presence provisions, which state that somebody is inadmissible if they have been unlawfully present in the United States prior to departure, so obviously completely in the past, or prior to an unlawful return. Again, obviously a period completely in the past. Now, if we were to agree with you, you would want us to send back for the BIA to determine whether, even though your interpretation might be right, that this fellow is entitled to reconsideration of some sort? Yes, Your Honor. This case was decided with regard to the cancellation of removal on as a matter of law. The judge determined that he was not eligible as a matter of law because he did not continue to be a lawful permanent resident at the time of his application. So he never presented the case, never got consideration of the merits of his case for discretionary grant of this relief. As a matter of law, this Court should find that my client is eligible for cancellation of removal, and it should be remanded back to the judge for a hearing on discretion as far as the cancellation of removal claim. I'm going to reserve the rest of my time. Do you really think that's what Congress intended? I'm glad you asked that question, actually. I don't know that Congress would have intended to benefit my client in particular. But I think that there are some very interesting aspects of the changes made in the immigrant, illegal immigrant responsibility, IRA, IRA, in 1996. I'm sorry. At the same time that 212C was changed from its original version, which required its, that, which provided relief for an alien who proceeded abroad temporarily, had not relinquished his domicile while abroad, and had not been deported, it got rid of all those requirements, moved it to 240AA, where it then describes an alien who has been an alien, lawfully admitted for permanent residence, and it expands the definition of returning residents who are considered to be seeking an admission. Under the old Act, entry, a returning resident wasn't considered to be seeking an entry only if he departed unintentionally, but not because of a deportation. That definition of entry was replaced in the 1996 Act by a definition of admission, which expanded the categories of aliens who are seeking, deemed to be seeking admission. Now it includes aliens who relinquished their status, abandoned their status, were outside of the country for too long. So at the same time they're creating this expanded class of aliens who might be subject to removal, they're specifically removing the express limitations on this possibility of relief. And that can't be deemed to be unintentional. The definition of lawfully admitted for permanent residence has not changed. It was the same when 212C was in effect as it is today. So it's also not really understandable why Congress would have felt it was necessary to place three restrictive terms about continuing residents in 212C, but erase them when it was converted to 240AA. And I'm out of time. Thank you very much for your attention. Good morning, Mr. Court. Monica Anton. The key to this case is the definition of lawfully admitted for permanent residence, which Mr. Padilla just barely acknowledges. And that is that the person has the privilege of residing in the U.S. permanently in accordance with the immigration law, such status not having changed. Mr. Padilla's status changed in 1998 when the first of five removal orders was entered against him because he was not living in accordance with the immigration laws as required by the statute. That is, it's true that the phrase has been susceptible to two different interpretations, but that is the limiting factor. That is why the agency's interpretation is reasonable and correct and why the court should defer to. And the Mr. Padilla doesn't really argue that the board's interpretation in this case is wrong, just that his should be permitted. But that's not the question. The question is, is the agency's interpretation reasonable? And because it is, based on the definition of lawfully admitted for permanent residence, the court should defer to that interpretation. Is there any more questions for the court? It doesn't look like it. Thank you. Did you have a two seconds? I have two seconds. In my two seconds, I would just point out that in circumstances other than Mr. Padilla's, this might also apply with the interpretation we're asking for. It could apply to an alien who is deemed to simply have abandoned the status by staying in the country too long. A much more sympathetic circumstance that Congress may have had in mind in this particular case. Okay. Thank you. We appreciate your arguments on this case, and that is submitted, and that ends our session for today. All rise.  Thank you.
judges: Walter, Fletcher B. , Paez